UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shakina Odom, #0668140, | ) C/A No. 3:05-2934-DCN-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| S. C. Attorney General, | ) |
| | ) |
| Defendant. | ) |
| | ) |

_____

The plaintiff, Shakina Odom (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the North Carolina Correctional Institute for Women in Raleigh, North Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff seeks dismissal of charges pending in York County, South Carolina, that she claims are the basis for a detainer placed in North Carolina under the Interstate Agreement on Detainers Act. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278

2

(4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387,  (4th Cir. 1990).

## Discussion

The complaint in this case is in the format of a letter, but has been construed as an action under 42 U.S.C. § 1983. Bush v. Muncy, 659 F.2d 402 (4th Cir. 1981) (violation of Interstate Agreement on Detainers may be brought under 42 U.S.C. § 1983).  Plaintiff, who is a North Carolina prisoner, seeks injunctive relief in relation to her claim of violation of the Interstate Agreement on Detainers Act based on detainer(s) filed by the State of South Carolina.  The Plaintiff states:

> I am being held at a maximum security prison because North Carolina has reported pending felonies in South Carolina.  The prison system has detainers logged from York Co.  According to the interstate agreement act South Carolina is suppose to have 180 days from the date that I requested a speedy trial.  I requested a speedy trial 4 times and have sent my motion for dismissal as well.  I have received no response from the solicitors office or the clerk, nor the pretrial intervention program that I was placed in.  I've written several letters which I have enclosed copies.  I am please asking for assistance in the matter so that I may be transfered [sic] to a honorgrade facility so that I may be able to help support my three small children.

Plaintiff files this action seeking dismissal of criminal charges pending in the State of South Carolina based on denial of speedy trial rights guaranteed by the Interstate Agreement on Detainers Act.  *See* S.C. Ann. § 17-11-10, Article III(a).

Plaintiff fails to state a claim on which relief may be granted.  A prisoner may bring an action under 42 U.S.C. § 1983 for injunctive and/or monetary relief, based on a violation of the Interstate Agreement on Detainers Act.  *See* Bush v. Muncy, *supra*.  Plaintiff,

however, fails to show that a detainer has been placed by the State of South Carolina against Plaintiff, or that she has followed required procedures, which would engage the provisions of the Interstate Agreement on Detainers Act.

A threshold consideration is the placement of a detainer by a state against a prisoner in another state. The Interstate Agreement on Detainers Act is not applicable in this case if the State of South Carolina has not placed a detainer against Plaintiff, a North Carolina prisoner. Attachments to the complaint indicate that the State of South Carolina has not placed a detainer against Plaintiff. A memorandum to Plaintiff dated June 23, 2005, from the North Carolina Department of Correction, Extradition/Fugitive Section states:

> This memorandum is in response to your letter regarding the pending charges against you in South Carolina. Please be advised that a detainer has to be lodged against a prisoner with the records personnel before the provisions of the IAD can apply. At this present time, South Carolina authorities have still not lodged a detainer with Combined Records. Please note that the law does not require officials where charges are pending to lodge a detainer even if the charges are still outstanding. It is at the discretion of the prosecuting officials as to whether their jurisdiction will lodge a detainer or not. Until such time that the detainer is lodged, I regret to inform you that the IAD process may not begin. Extradition will likely take place upon your release from the North Carolina Department o f Correction if they choose to wait until your release date approaches to lodge a detainer.

As of June 2005, South Carolina had not placed a detainer against Plaintiff in North Carolina. As the memorandum indicates, the Interstate Agreement on Detainers does not apply to Plaintiff without a detainer placed against Plaintiff.

Even if development of facts showed placement of a detainer by South Carolina against Plaintiff, attachments to the complaint reveal that Plaintiff has not followed correct

procedure to implement the provisions of the Interstate Agreement on Detainers Act.[2] In a "memorandum" dated June 3, 2005, from the North Carolina Department of Correction, Extradition/Fugitive Section, Plaintiff was informed:

> According to offender records, the prison unit has reported pending charges against you. However, the charges they have indicated are in reported status, which means that no documentation has been sent in to the Records Office as a detainer. In order for you to be tried under the Interstate Agreement on Detainers, there must be a certified copy of the detainer on file with the Combined Records department. .... It is entirely at the discretion of South Carolina officials as to how they will handle your charges or whether they will lodge a detainer. Once you have been notified that the certified copy of the detainer has been lodged against you (Form 1), you may write to me again requesting a speedy trial and I will send the forms for your signature if the detainer falls under the guidelines of the Interstate Agreement.

The procedures outlined in the June 3, 2005, memorandum requiring Plaintiff to send her speedy trial request through the appropriate state official, comply with S.C. Ann. § 17-11-10, Article III (b), which states:

> The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

S. C. Ann. § 17-11-10, Article III(a) also requires "the request of the prisoner shall be

---

[2] Plaintiff also indicates she has "sent a motion to dismiss" under the "interstate agreement" to South Carolina officials, with no response. Attachments to the complaint indicate Plaintiff signed a verified "motion and request for dismissal" dated July 12, 2005. The motion is titled for the State of North Carolina, Wake County, General Court of Justice Superior Court Division, but is directed to "The Presiding Judge or Resident Judge of the York County Superior Court." The motion contains no case number, and the Certificate of Service is not complete. It is not clear if the motion was filed, or where it may have been filed. A motion to dismiss would be premature, because the time limit for conducting a trial does not begin until a request for disposition is provided according to the statute. *See* S.C. Code Ann. § 17-11-10, Article III(a)-(b).

5

accompanied by a certificate of the appropriate official having custody of the prisoner" containing specified information.  Plaintiff cannot invoke the protections of the speedy trial time limits withing the Interstate Agreement on Detainers Act without following the procedures required by the statute.

In as much as Plaintiff might be requesting this Court to compel the State of South Carolina to place a detainer, the federal district court does not have authority to compel prosecutorial decisions of the state court.  Plaintiff has failed to state a claim on which relief may be granted, and this action should be dismissed pursuant to 28 U.S.C. § 1915 1915(e)(2)(B)(ii).

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the notice on the following page.

>                            Respectfully Submitted,
>
>                            s/Joseph R. McCrorey
>                            United States Magistrate Judge

October 26, 2005
Columbia, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**